# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DENNIS SCALES**                                                                **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO. 4:08cv141-LRA**

**CARL L. MICKENS, FREDA PHILLIPS, AND JAN W. HARRIS**        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Dennis Scales [hereinafter "Plaintiff"], *pro se,* and Michelle Tolle High, counsel for Carl L. Mickens and Freda Phillips [hereinafter "Defendants"], appeared before the undersigned United States Magistrate Judge on the 4th day of April, 2009, for an omnibus hearing. The Court scheduled this hearing to function as a scheduling/case management conference, a discovery conference, and as a pretrial conference. The hearing was also conducted in order to more closely screen Plaintiff's factual allegations and determine if they are sufficient to maintain the case under 28 U.S.C. § 1915A. This statute requires the Court to screen prisoner complaints when a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The provisions for the review are stated in the statute as follows:

> (b) **Grounds for dismissal.**----- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-----
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Although an initial screening was performed in this case prior to the entry of the Order directing that process be served on Defendants, this hearing allowed the Court to reconsider Plaintiff's claims after hearing him explain his case under oath. The hearing also facilitated the Court's intentions of insuring all parties the just, speedy and inexpensive determination of Plaintiff's claims. Defendants Carl L. Mickens and Freda Phillips filed a Motion to Dismiss [#33] and a Motion for Summary Judgment [#35] on June 30, 2009, and July 1, 2009. Plaintiff has not filed a response to the motions, but his sworn testimony is being considered in response to the motions.

Jurisdiction of this case is based upon 42 U.S.C. § 1983, and it was assigned to the undersigned United States Magistrate Judge for all purposes pursuant to the consent of the parties by Order [docket entry number 26] entered by District Judge Tom S. Lee on April 20, 2009. After due consideration of the Complaint, as augmented by Plaintiff's sworn testimony in the omnibus hearing, the Court does hereby find that Plaintiff's claims are not supported by a factual or legal basis pursuant to 28 U.S.C. § 1915A. The claims are frivolous[1] and fail to state a claim on which relief may be granted. Furthermore, these Defendants are immune from liability under the circumstances set forth by Plaintiff.

At the hearing, Defendants submitted certified copies of all the original documents filed in State of Mississippi v. Dennis Scales, Cause No. 2003-33 in the Circuit Court of

---

[1] "Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. See Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995)

Noxubee County. These authenticated documents were reviewed by the parties and admitted by the Court at the omnibus hearing as Exhibit "A" and are attached to Defendants' Motion to Dismiss as Exhibit "A." The pleadings confirm that Plaintiff was arrested for three counts of committing armed robbery at the National Bank of Commerce, Inc., in Brooksville, Noxubee County, Mississippi, on May 19, 2003. On March 8, 2004, Plaintiff filed a Petition to Enter a Guilty Plea. He was represented by counsel, attorney Richard Burdine, and Mr. Burdine signed a certification of counsel. The written petition describes it as an "open plea," and no sentencing recommendations were made. The Order of the circuit court entered on March 8, 2004, confirms that Scales appeared before the Court on that date in person and plead guilty to Count 1. He was sentenced on Count 1 by Order of the same date to eighteen years in the custody of the Mississippi Department of Corrections. According to the court's order, at the motion of the State, the remaining counts were "retired to the files."

Over a year after his plea was entered, on May 23, 2005, Scales filed a "Motion for Records and Transcripts" in the circuit court requesting that the court prepare a transcript of all proceedings in Cause No. 2003-033. There is no Order in the file either granting or denying Scales's request, and the Court must assume that the motion has never been ruled on by the circuit court.

Plaintiff has named as Defendants Carl L. Mickens, Circuit Court Clerk of Noxubee County, and Freda Phillips, deputy circuit clerk. These defendants have been served and have entered an appearance in this cause. He also named Jan W. Harris, the court reporter at his plea hearing, as a defendant. The process on Ms. Harris was returned on January 23, 2009, marked with the statement: "subject no longer employed at the above

3

listed address." The address given was the Noxubee Circuit Clerk's office. She has not been served with process, and has not entered an appearance in this cause.

According to Plaintiff, he needs a transcript of his guilty plea in order to appeal his case. He has requested the transcript numerous times, but he says the Defendants have told him that they do not have it because it was never transcribed. Jan Harris was the court reporter, and she no longer works for Noxubee County.

Plaintiff conceded that he appeared before the circuit court judge, entered a guilty plea, and was sentenced to eighteen years. He said the judge announced it was an "open plea." However, he signed for a "continuance" and somebody scratched that out and wrote "open plea" on the Petition to Enter a Guilty Plea. In his Complaint Plaintiff charges that Defendants illegally altered the Petition after he had signed the petition; in the omnibus hearing, he admitted that he did not know who actually changed the petition.

The Court has examined the Petition to Enter a Guilty Plea contained in Exhibit A. Under paragraph 8, which lists the district attorney's recommendation, the wording "defer sentence until Sept. 2004 term of court" has been stricken. The phrase "open plea" was written in, with the statement "counts 2 and 3 are to be returned to the file." In his complaint, Plaintiff contends that he was advised by Judge Howard in his plea hearing that the hearing was for an "open plea." Plaintiff stated "Hold up! I don't know anything about an open plea! My attorney told me, this hearing was for a continuance!" Complaint, document 1, p. 8. Apparently Plaintiff went forward with the plea, and he was sentenced.

In his Complaint, Plaintiff contends that the actions by these Defendants violates his Due Process rights. Plaintiff's claims are:

    1.    Defendants physically altered his Petition to Enter a Guilty Plea, and

2. They refuse to provide him a transcript of the proceedings conducted in his guilty plea hearing.

Plaintiff concedes that he has not filed a petition for post-conviction relief with the Mississippi Supreme Court on the merits of this case, or asked that Court to cause the circuit court to provide him a transcript. Under the statute of limitations provided in the Mississippi Post-Conviction Relief Act, Plaintiff should have filed his PCR on or before March 8, 2007, which is three years from the entry of his guilty plea. He could still attempt to file such a pleading, requesting the Mississippi courts for an out of time review of his guilty plea proceedings. He could raise the issue that his plea was altered, as well as the issue that his transcripts were not provided.

Instead, Plaintiff has sued the circuit clerk and deputy circuit clerk for monetary damages. The Court finds that under the facts as testified to by Plaintiff, and as confirmed by the pleadings in his circuit court case, no constitutional claim upon which relief may be granted has been set forth by Plaintiff.

First, the three year statute of limitations applicable in cases filed pursuant to 42 U.S.C. § 1983 has expired in this case. For claims made pursuant to this civil rights statute, the limitations period is governed by the law of the state in which the action is filed. Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992). For cases brought in Mississippi, the three year statute of limitations of Miss. Code Ann. § 15-1-49 (Supp. 2005) applies. James v. Sadler, 909 F.2d 834, 836 (5th Cir. 1990); Shelby v. McAdory, 781 F.2d 1053, 1054 (5th Cir. 1986).

Plaintiff knew that the petition was "altered" during the hearing on March 8, 2004, and the statute began running on that date as to that claim. Instead, he waited until December 12, 2008, over four years later, to file this civil suit.

Secondly, the circuit clerk, and his deputy, are immune from suit under the circumstances set forth by Plaintiff, as they are cloaked with the full measure of quasi-judicial immunity. Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984), cert. denied, 474 U.S. 968 (1985). Court clerks have absolute judicial immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion. Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981). They have qualified immunity for those routine duties not explicitly commanded by a court decree or by the judge's instructions. Clay v. Allen, 242 F.3d 679 (5th Cir. 2001) Williams v. Wood, 612 F.2d 982, 985 (5th Cir. 1980).

Plaintiff concedes that he does not know who actually "altered" his petition to enter a plea, and the clerks were required to accept the petition to enter the plea for filing. They had no discretion as to filing the documents filed by the parties and the court. The charge that these clerks actually altered a petition to plead guilty is incredulous, particularly in light of Plaintiff's testimony. His general accusation against these court clerks has no basis in fact; his allegation that they actually altered it is speculative at best. The circuit court judge heard Plaintiff's contentions that the petition was altered; the judge obviously rejected Plaintiff's contentions, as his guilty plea was accepted. Plaintiff could have refused to plead guilty to the crime. These clerks were performing routine duties and immunity protects them from suits for money damages.

Plaintiff did file a motion for records which was apparently never ruled on by the court. The clerks of court are not responsible for ruling on Plaintiff's motions; they simply accepted his motion for filing and are duty-bound to file all pleadings. The clerks do not direct court reporters to transcribe records; the court must enter such an order. Plaintiff's avenue would have been to file his PCR and request his records in the Mississippi Supreme Court, or to file a writ of mandamus in that court regarding his pending motion for records. None of these actions were taken by Plaintiff.

The court reporter has not been served with process, and Plaintiff has provided no current address wherein she may be located. Because no order was entered on Plaintiff's motion directing her to transcribe the hearing, no cause of action has been stated against her. Plaintiff has failed to state a cause of action against the court reporter under the circumstances described by him in his Complaint and at the hearing.

THEREFORE, it is hereby ordered that Defendant Mickens and Phillips' Motion to Dismiss [#33] and Motion for Summary Judgment [#35] are **granted.** As to Defendant Jan W. Harris, who has not been served, this case is dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b). A Final Judgment in favor of all Defendants shall be entered on this date.

IT IS SO ORDERED, this the 24th day of July, 2009.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE